Jesse Robert BALL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17753.

Court of Criminal Appeals of Oklahoma.

March 13, 1973.

Valdhe F. Pitman, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, Jesse Robert Ball, hereinafter referred to as defendant, was conjointly charged, tried and convicted with his wife, Tommie Sean Ball, in the District Court of Oklahoma County, Case No. CRF–71–2410, for the crime of Grand Larceny, After Former Conviction of a Felony. He was sentenced to serve a term of five (5) years in the state penitentiary in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

Briefly stated, the facts are that on October 20, 1971, Les McCaleb of the Oklahoma City Police Department was working at the T G & Y Store at 2805 S.W. 29th in an off-duty capacity as the store security officer.

He testified that on that day he saw the defendant and a female enter the store and that the female was carrying a very large purse. He stated that the defendant went in one direction and the female went in another. He continued to watch the female. After having placed some children's shoes in her bag and some children's pant suits in the shopping cart, the female met the defendant in the middle of the store. The witness then stated that the defendant was carrying a skillet handle and an extension cord in his hand and that he put those items and the children's pant suits, which were in the basket, into the purse. The witness then observed the defendant and the female leave the store without stopping or offering to pay for the merchandise.

After approaching the defendant, identifying himself, and informing the defendant that he was under arrest, the witness stated that the defendant and the female ran to their car and sped away. Giving chase, Officer McCaleb finally succeeded in stopping them and placing them under arrest. The stolen articles were taken from the back seat of defendant's car.

Defendant asserts three specifications of error, to-wit: That the trial court erred in

overruling defendant's motion to withdraw State's Exhibits 1 though 9 since the chain of possession had not been established; the State's comments on said exhibits; and misconduct of the State with respect to the exhibits. All three of these specifications of error deal with and are predicated on the admissibility of the allegedly stolen articles.

■ Defendant's contentions are untenable on their face. The record reflects that the allegedly stolen articles were never admitted into evidence even though the State made several good faith efforts to get them introduced.

■ It is not necessary that the identification of real evidence sought to be admitted should positively and undisputably describe and relate to such evidence, and if a question of fact as to connection of article sought to be admitted with defendant of crime is raised evidence should be admitted for determination of jury and lack of positive identification affects weight of article or substance as evidence rather than its admissibility. Richmond v. State, Okl.Cr., 456 P.2d 897 (1969).

■ From the foregoing, it can be seen that the evidence was sufficient for admission and had it been admitted, its weight would have been for the jury to determine. Even without the admission of this direct evidence, the taking of personal property may be proved by circumstantial evidence in prosecution for grand larceny. Guthrey v. State, Okl.Cr., 374 P.2d 925 (1962).

■ This Court has consistently held that where there is evidence, although entirely circumstantial, from which the jury may reasonably and logically find the defendant guilty, the weight, credibility and probative effect of such evidence is for the jury, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence. Hunter v. State, Okl. Cr., 478 P.2d 1001 (1970).

■ We conclude from the record and the foregoing recital of facts, it is readily apparent that the evidence, as presented, was ample to support the verdict of the jury.

The judgment and sentence is, accordingly, affirmed.

BRETT, and BUSSEY, JJ., concur.