Juan Audry **FRANKLIN**, Appellant,

v.

**The STATE of Oklahoma, Appellee.**

No. F–76–206.

Court of Criminal Appeals of Oklahoma.

Aug. 5, 1976.

Don Anderson, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Robert McDonald, Asst. Atty. Gen., Kenneth Lisle, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Juan Audry Franklin, hereinafter referred to as defendant, was charged, tried and convicted in the Oklahoma County District Court, Case No. CRF–75–1761, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1435. His punishment was assessed by the jury at a term of thirty (30) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Sweed Anderson testified that on May 15, 1975, he operated a pawn shop at 1930 N.E. 23rd Street in Oklahoma City; that he left work about 5:30 or 6:00 p.m. after first activating his burglar alarm and locking all doors. He was notified of a disturbance by the alarm company at about 12:15 a.m. Upon arriving at the pawn shop he observed a large hole had been cut in the tile ceiling and through the roof. He further described the building as being so constructed that a man could walk between the roof and the acoustical ceiling. Ceiling tiles and insulation were laying on the floor of his shop. He further observed the defendant in police custody.

Officer Sanders testified that he was directed to the Key Pawn Shop with his partner Officer Robertson at approximately 12:15 a.m. He went to the front of the store; other officers to the rear and a helicopter flew overhead. Shortly thereafter he climbed on the roof and observed a figure running. He took pursuit and observed a hole in the roof. He followed the figure over roofs of several adjoining buildings to the west. The helicopter lighted up the area and he observed the defendant at the edge of the building roof next to the V.F.W. building. The defendant was directed by other officers to climb down a drainpipe and in so doing, fell to the ground. He described the hole in the roof as large enough for him to go through.

Officer Robertson testified that he was present with Officer Sanders. He remained on the ground and subsequently saw the defendant in police custody.

Officer Randolph testified that she was summoned to the pawn shop in the evening in question. She observed the defendant from the helicopter, crouched by a sign on a building west of the pawn shop. Defendant was directed by officers to climb down from the roof by a gutter pipe and in so doing he fell to the ground breaking his leg. She was present when Officer Wickline advised the defendant of his Miranda rights. Wickline asked defendant if he were working alone or had a partner, to which defendant replied, "No, I was working by myself." Wickline stated, "Do you mean to tell me you were trying to pull this off by yourself?" Defendant replied, "Yes."

For the defense, Ronald Roland testified that he was with the defendant at the El Dorado Club just across the street from the pawn shop. They consumed several beers and left the club about 11:00 or 11:30 p. m. They were encountered by several other unknown persons who commenced making threats toward the defendant. One of the persons pulled a pistol and defendant took off running. Roland got into his car and drove away.

In his first assignment of error, the defendant contends that the trial court should have instructed on Attempted Burglary. Defendant argues that although there was circumstantial evidence tending to connect defendant with a breaking, there was no evidence of an entry. We

disagree. Sweed Anderson testified as to the hole in the roof and also in the acoustical tile ceiling. He testified that the construction was such that a man could walk between the roof and the acoustical ceiling and that ceiling tiles and insulation were laying on the floor of the shop. Officer Sanders described the hole in the roof as being approximately two feet around and "big enough for me to go down through." We agree with the Attorney General's contention that "this testimony clearly shows the defendant made an entry," as the removal of the ceiling tiles required the defendant to be inside the store. See *Houchin v. State*, Okl.Cr., 473 P.2d 925 (1970). We, therefore, find this assignment of error to be without merit.

In his final assignment of error the defendant asserts that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify the same unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Considering that this is defendant's third felony conviction, we cannot conscientiously say that the punishment imposed shocks the conscience of this Court.

For all of the above and foregoing reasons, the judgment and sentence appealed from is accordingly AFFIRMED.

BRETT, P. J., and BLISS, J., concur.