**Ernest Dean SANDERS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–565.**

Court of Criminal Appeals of Oklahoma.

Sept. 5, 1985.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., David W. Lee, Asst. Atty. Gen., Jean M. LeBlanc, Legal Intern, Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, Ernest Dean Sanders, was convicted in the District Court of Oklahoma County, Case No. CRF–79–4897, of Larceny of Merchandise Valued Over $20 From a Retailer, After Former Conviction of Two or More Felonies, was sentenced to forty years' imprisonment, and he appeals.

Briefly stated, the facts are that on December 10, 1979, the appellant was observed carrying a large number of suits in his arms out the door of a C.R. Anthony

department store in Oklahoma City by Ron Mason, a police officer at the University of Oklahoma, who was there to visit his mother, a store employee. Mason told an employee to call the police and chased the appellant who was subsequently arrested when a patrol car arrived. Mason positively identified the appellant at the trial, and the store manager testified that ten suits were taken which had a value of $79 each.

The appellant, as his first assignment of error, complains that because the information charged him with "after former conviction of *a* felony," the conviction that he received pursuant to the *two* felony portion of 21 O.S.1981, § 51(B) is erroneous. We have previously held that where the second page of the information lists the prior convictions the State intends to use to convict the appellant under 21 O.S.1981, § 51, the fact that it prefaces the charge with "after the former conviction of *a* felony" does not render a conviction under the two-felony portion of Section 51(B) impermissible, that "to uphold such an argument would be to hold the State to a degree of technicality concerning informations which heretofore has been neither required nor expected." *Browning v. State*, 648 P.2d 1261 (Okl.Cr.1982). The information was sufficient to apprise the appellant of the charge against him. This argument is without merit.

For his second assignment of error, the appellant complains that during second stage proceedings the trial court erred in giving a jury instruction which misstated the statutory punishment authorized on a finding of one former conviction as a minimum of ten years' imprisonment when that was the maximum penalty that could have been imposed. The appellant offered no objection to the court's instruction nor did he offer a written request suggesting an instruction; therefore he has waived any defects. See, *Williams v. State*, 447 P.2d 456 (Okl.Cr.1968). Nevertheless, any error raised in the instruction was harmless as the jury found the appellant guilty of two or more former convictions, which carries a punishment of imprisonment for not less

than twenty (20) years. See, *Coleman v. State*, 540 P.2d 1185 (Okl.Cr.1975).

For his third assignment of error the appellant contends that the punishment imposed was excessive. We have consistently held that the question of excessiveness of punishment must be determined from a study of all the facts and circumstances in each particular case, and that this Court does not have the power to modify the punishment unless we can conscientiously say that under those facts and circumstances the sentence is so excessive as to shock the conscience of the Court. *Franklin v. State*, 553 P.2d 222 (Okl.Cr. 1976). We cannot say that the sentence of forty years when the appellant has four previous convictions for felonies shocks the conscience of the Court.

The appellant alleges as his fourth assignment of error that admission into evidence of three previous convictions which charge felonies "after former conviction of a felony" is improper because the judgment and sentence used to enhance those three felonies was not offered as evidence. The State proved the appellant's prior convictions by introducing certified copies of the judgments and sentences. This was an appropriate method of proof. *Suitor v. State*, 629 P.2d 1266 (Okl.Cr. 1981). Appellant further complains of the testimony of a State's witness during the second stage that the appellant was originally fingerprinted in 1961. The record demonstrates that the appellant did not object to the remark and therefore the error was not preserved. *Bristow v. State*, 644 P.2d 118 (Okl.Cr.1982). In view of the evidence of four previous convictions, this comment can hardly be viewed as being prejudicial.

For his last assignment of error the appellant alleges that the trial court overruled the motion for new trial with no consideration of the issues raised in that motion. The appellant has made a bald assertion that the trial judge did not read the motion for new trial. However, at the hearing on the motion, the court stated

that it had been considered. The decision to grant a new trial rests within the discretion of the trial judge, and this Court will not reverse absent an abuse of discretion. *Hancock v. State*, 664 P.2d 1039 (Okl.Cr. 1983). Finding no abuse of discretion, this assignment of error is also without merit.

The judgment and sentence appealed from is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.