**Michael D. MORNES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–569.**

Court of Criminal Appeals of Oklahoma.

April 13, 1988.

Rehearing Denied May 23, 1988.

Pete Gelvin, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Michael D. Mornes, appellant, was tried by jury and convicted of Larceny of Merchandise from a Retailer [21 O.S.1981, § 1731], After Former Conviction of Two or More Felonies [21 O.S.1981, § 51(B) ], in Case No. CRF–84–46, in the District Court of Oklahoma County, the Honorable Leamon Freeman, District Judge, presiding. The jury assessed punishment at imprisonment for thirty (30) years. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

On January 2, 1984, appellant entered a boot store in Oklahoma City and asked the clerk to direct him to the size 8 boots. The clerk took appellant to the appropriate rack. The clerk noticed appellant stumbled and that his eyes were bloodshot. The store manager called the police because she thought appellant was drunk in a public place. After about fifteen to twenty minutes, appellant walked to the register and inquired about the prices for children's boots. The clerk noticed that appellant's responses were rational, coherent and that

he appeared to be alert. Appellant left the store without making a purchase.

As appellant started to enter a car, a police officer arrived on the public drunk call. Either the clerk or the manager pointed through the window at appellant. The officer approached appellant, and, noticing appellant was unsteady on his feet, smelled of alcohol and had bloodshot eyes, arrested appellant for public drunkeness. As the officer searched appellant, he felt inside the tops of appellant's boots for weapons and felt a store tag. The tag was still attached to the boots and reflected the price of $110.00. The officer placed appellant in the patrol car.

The officer asked the clerk to check for missing boots. The clerk went to the size 8 boot rack where appellant was trying on boots and found an old pair of boots mixed in with the new boots. The officer took the old boots to appellant and had him put them on his feet. The boots fit. The officer arrested appellant for grand larceny and read him the *Miranda* warnings.

At trial, appellant testified he bought the boots from a man outside a pawn shop for $20.00 and threw his old loafers into a trash can. Appellant claimed he went to the boot store to shop for children's boots, although he admitted he did not have any money on him at the time. According to the officer, appellant did not tell him about buying the boots and throwing the old shoes in a trash can. The officer testified appellant only told him "you really don't think you're going to make this stick." Appellant testified his statement to the officer was "you ain't going to make that stick, is you."

For his first two assignments of error, appellant asserts it was error for the trial court to admit photographs of the stolen boots into evidence because (1) the State did not establish a chain of custody for the boots, and (2) the photographs were not the "best evidence". After appellant's arrest, the boots were returned to the store, identified as belonging to the store, and photographs were taken of the boots. At trial, the arresting officer and the clerk identified the stolen boots from the photographs.

■ We observe initially that the State was not required to establish a chain of custody for the boots, because they were not admitted into evidence. *Ball v. State*, 507 P.2d 1342, 1344 (Okla.Crim.App.1973). Nor was the State required to introduce the boots into evidence as the "best evidence", as the best evidence rule relates to proving the contents of written documents. *Hayes v. State*, 397 P.2d 524, 527 (Okla.Crim.App. 1964). The State may introduce photographs representing the stolen property at trial rather than introduce the property itself. *State v. Bouillon*, 112 Ariz. 238, 540 P.2d 1219, 1221–22 (1975). Both the arresting officer and the store clerk identified the photographs as accurately depicting the property taken from the store. *Id.* 540 P.2d at 1222. "To require the victim to endure the deprivation of his property from the date of the [theft] to the completion of appellant's trial and appeal is adding insult to injury and when not necessary to the prosecution of the defendant should be avoided." *Id.* The test for admissibility of relevant photographs at trial is whether the probative value of the photographs is substantially outweighed by the danger of unfair prejudice. 12 O.S.1981, § 2403. The trial judge's decision to admit photographs into evidence will not be disturbed on appeal absent an abuse of discretion. *Diaz v. State*, 728 P.2d 503, 512 (Okla. Crim.App.1986). We find no abuse of discretion. These assignments of error are meritless.

■ For his third assignment of error, appellant asserts the trial court erred by failing to instruct the jury on the defense of intoxication. Appellant correctly identifies the standard of review as "whether the instructions, when considered as a whole, fairly state the applicable law." *Rowell v. State*, 699 P.2d 651, 653 (Okla.Crim.App. 1985). Appellant failed to request an instruction that intoxication may negate the specific intent of larceny. Failure to timely object to the instructions given or to submit instructions waives all but fundamental error. *Id.* at 653. Appellant argues specific intent is an element of Larceny of Merchandise from a Retailer, and he was enti-

tled, as a matter of law, to have the trial judge, *sua sponte*, instruct the jury on the law governing his theory of the case if there is possible support in the evidence, relying on *Broaddrick v. State*, 706 P.2d 534, 536 (Okla.Crim.App.1985). Here, although appellant admitted drinking several glasses of white wine, he expressly denied being intoxicated at the time of the offense. Appellant's theory of defense was he purchased the boots from a stranger outside a pawn shop for $20.00 and did not steal the boots. Appellant's testimony at trial "negated the defense [of intoxication] by demonstrating he was in control of his mental faculties, [and] the court's failure to instruct, *sua sponte*, on ... intoxication was not error." *Kreijanovsky v. State*, 706 P.2d 541, 544 (Okla.Crim.App.1985). After reviewing the instructions given as a whole, we find they fairly stated the applicable law. This assignment of error is meritless.

■ For his fourth assignment of error, appellant asserts improper statements made by the prosecutor in closing argument deprived him of a fair trial because (1) the prosecutor misstated the evidence, and (2) the prosecutor used appellant's post-*Miranda* silence for impeachment purposes. The officer brought the old pair of boots found in the store to appellant and had him put them on. The old boots fit. In closing argument, the prosecutor said, "The most telltale thing that the defendant had to say in this case was not something he said verbally.... When the officer brought out the old boots and handed them to the defendant, the defendant didn't act surprised, didn't say a word, didn't say, are these size 8 boots. He pulled them on to his feet." [Tr. 134–35] Appellant quotes the officer's testimony that when appellant was asked to put on the used boots found in the store, "He asked me why...." [Tr. 78]

First, "[w]hen comments are based upon facts not introduced into evidence, or, as here, are minor misstatements of facts entered into evidence, we review the totality of the evidence to determine whether the remark could have affected the outcome of the trial. We fail to see how this minor misstatement of fact by the prosecutor in closing argument could have affected the outcome of the trial." *Cunningham v. State*, 748 P.2d 520, 522 (Okla.Crim.App. 1987) (citations omitted). Second, *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed. 2d 91 (1976) precludes the prosecutor from using the accused's post-*Miranda* silence for impeachment purposes. *See Smith v. State*, 744 P.2d 1282, 1284 (Okla.Crim.App. 1987). *Doyle* protects the accused's invocation of his right to remain silent after being given a *Miranda* warning, and once the accused has exercised his right not to speak to police officers, the State may not use his silence as a penalty. In the instant case, the silence referred to in closing argument concerned appellant's failure to inquire about the size of the boots, not to appellant's invocation of his right not to talk to police officers. We find no exploitation by the State of appellant's exercise of his right not to speak to police officers after being given a *Miranda* warning. This assignment of error is meritless.

For his fifth and sixth assignments of error, appellant asserts the court erred in admitting the Texas pen pack containing his judgments and sentences for six previous burglaries because (1) the pen pack contained an information and contained references to revocation of parole, and (2) four of the six Texas felonies arose from the same transaction or occurrence.

■ We observe initially that the Texas pen pack introduced at trial does not contain an information. Appellant is in error. Appellant introduced the informations on appeal as a supplement to the original record. The informations were not introduced at trial. These informations submitted by appellant show that each of the previous burglaries involved different victims. Regarding the references to revocation of parole contained within the Texas pen pack, appellant relies on *Bean v. State*, 392 P.2d 753, 754–56 (Okla.Crim.App.1964), in which the State introduced the appellant's prison records for sentence enhancement purposes. Such was not the case here. The pen pack contains the judg-

ments and sentences for the six burglaries and the orders subsequently revoking appellant's parole for these convictions. Appellant made a general objection to the introduction of the pen pack and failed to request the trial court to excise the references to revocation of parole. *Camp v. State,* 664 P.2d 1052, 1054 (Okla.Crim.App. 1983). Appellant has consequently failed to preserve this issue for appellate review.

■ Appellant argues that four of the six burglary convictions arose from the same transaction or occurrence because they were committed on the same day and are denominated by consecutive case numbers. Appellant pled guilty to three of these burglaries on the same day. Appellant has the burden of proving that the prior convictions arose out of the same transaction or occurrence. *Bickerstaff v. State,* 669 P.2d 778, 780 (Okla.Crim.App. 1983). The mere fact that the prior convictions were consecutively numbered, *Gross v. State,* 706 P.2d 914, 915 (Okla.Crim.App. 1985), or that appellant pled guilty to three of these burglaries on the same day, *Vowell v. State,* 728 P.2d 854, 859 (Okla.Crim.App.1986), is insufficient to meet appellant's burden of presenting evidence that these four convictions arose from the same transaction or occurrence. Moreover, had appellant met his burden of proof, resulting in the four previous convictions being counted as one conviction for sentence enhancement purposes, appellant would still have three previous convictions for burglary in Texas and one previous conviction for grand larceny in Oklahoma. Thus, the State presented ample evidence proving appellant was previously convicted of two or more felonies in satisfaction of the requirements of 21 O.S.1981, § 51(B). *Pekah v. State,* 660 P.2d 652, 655 (Okla.Crim.App. 1983). This assignment of error is meritless.

■ For his seventh assignment of error, appellant asserts his sentence of thirty years imprisonment is excessive. Our sentencing enhancement statute for habitual felons, 21 O.S.1981, § 51, provides for a mandatory minimum sentence of imprisonment for twenty years or more upon conviction of a felony after former conviction of two or more felonies, Section 51(B). *Williams v. State,* 720 P.2d 341, 343 (Okla. Crim.App.1986). The statute does not provide for a maximum sentence but leaves that determination to the trier of fact. In reviewing the punishment imposed above the minimum sentence of twenty years imprisonment, "the question of excessiveness of punishment must be determined from a study of all the facts and circumstances in each particular case, and ... this Court does not have the power to modify the punishment unless we can conscientiously say that under those facts and circumstances the sentence is so excessive as to shock the conscience of the Court." *Sanders v. State,* 706 P.2d 909, 911 (Okla.Crim.App. 1985). Under similar facts and circumstances, we have previously found that imprisonment of forty years for larceny of merchandise from a retailer after former conviction of four felonies does not shock the conscience of the Court. *Id.* In the instant case, appellant was sentenced to thirty years imprisonment after former conviction of seven felonies. We cannot conscientiously say the punishment imposed shocks the conscience of the Court. This assignment of error is without merit.

■ For his eighth and final assignment of error, appellant asserts the cumulative effect of error necessitates his conviction be reversed or his sentence modified. If there is no individual error, there can be no error by accumulation. *Horton v. State,* 724 P.2d 773, 776 (Okla.Crim.App.1986). This assignment of error is meritless.

In light of the above, appellant's judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.