Marvin E. JOHNSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–917.

Court of Criminal Appeals of Oklahoma.

Oct. 19, 1988.

Pete Gelvin, Cindy Foley, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

PARKS, Judge:

Marvin Eugene Johnson, appellant, was tried by jury and convicted of Possession of a Controlled Dangerous Substance (63 O.S. 1981, § 2–402). After Former Conviction of Two or More Felonies (21 O.S.Supp.1985, § 51(B)), in Case No. CRF–86–588, in the District Court of Oklahoma County, the Honorable William R. Saied, District Judge, presiding. The jury assessed punishment at imprisonment for forty (40) years. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

At approximately 10:00 p.m. on January 23, 1986, two Oklahoma City police officers were checking an apartment parking lot when a car pulled in behind them and the driver began honking her horn. The driver, Ms. Kimberly Hill, ran to the officers and told them appellant had jumped into her car when she stopped at a traffic light. She wanted appellant removed from her car. As the officers approached the passenger side, appellant stepped from the car and leaned against it. The officers observed appellant's slurred speech, watery and bloodshot eyes, and his inability to stand without supporting himself by leaning on the car. As the officers moved closer, they smelled phencyclidine (PCP) on appellant's breath and clothes. Appellant's pupils did not respond when the officers shined a flashlight in his eyes, and they arrested him for public intoxication.

Appellant could not walk to the police cruiser without assistance and had to be supported by the two officers. Before placing appellant in the patrol car, the officers searched him incident to arrest, found a small bottle containing PCP in his right front pocket, and additionally arrested him for possession of PCP.

At trial, appellant claimed he and Ms. Hill had been together all day and evening and argued about going to a club shortly before Ms. Hill stopped the car and ran to the officers. He started walking to a restaurant when the officers called him back. Appellant denied being intoxicated or taking PCP, and claimed the officers found the bottle of PCP on the ground after his arrest, not in his pocket.

For his first two assignments of error, appellant asserts the trial court erred by permitting the prosecutor to elicit details of his former convictions on cross-examination and by refusing to give his requested jury instruction on impeachment evidence.

■ Appellant correctly states the rule for impeachment by former conviction: when the accused is cross-examined concerning prior felony convictions for the purpose of undermining credibility, the details surrounding the offense are not a proper subject matter. *Ybarra v. State*, 733 P.2d 1342, 1347 (Okla.Crim.App.1987). Generally, the prosecutor is limited to inquiry into the "conviction, the name of the court in which the conviction occurred, the nature of the crime, and the date ... but the details of the crime involve extraneous matters concerning which the prosecutor should not inquire...." *McKee v. State*, 576 P.2d 302, 305 (Okla.Crim.App.1978) (quoting *Little v. State*, 79 Okl.Cr. 285, 154 P.2d 772 (1945)). Appellant argues the "prosecutor chose to dive head first into all the prejudicial facts he could muster," *Brief of Appellant* at 12, thereby prejudicing him. Under the facts of this case, we disagree.

Appellant admitted having three former convictions on direct examination, one each for grand larceny, receiving stolen property and burglary. (Tr. at 48) Appellant was less than candid with the jury and, in fact, had eight former convictions, one for grand larceny, three for concealing stolen property and four for burglary. The response by appellant on direct examination was intended to give the jury the impression that he had given a full and complete accounting of his past criminal activity. *Fite v. State*, 526 P.2d 956, 958 (Okla. Crim.App.1974). The prosecutor could properly cross-examine appellant concerning the balance of his former convictions to show he was not completely candid with the jury once appellant opened the door on direct examination. *Id.* at 959. *Kopecek v. State*, 567 P.2d 102, 105 (Okla.Crim.App. 1977). Appellant revealed some of the details concerning his former convictions, not in response to cross-examination, but in an attempt to explain away the balance of his former convictions. (Tr. at 49).

On re-direct examination, appellant expressly and unequivocally stated that seven of his former felony convictions arose from one incident or transaction and went into great detail concerning these seven convictions. (Tr. at 55–56) Once appellant placed into issue whether these seven convictions arose from the same transaction or occurrence, the prosecutor was entitled to rebut appellant's testimony concerning this issue on re-cross. *See Peters v. State*, 586 P.2d 749, 753 (Okla.Crim.App. 1978). When the accused, on re-direct examination, seeks to explain the circumstances of the former convictions and goes into details of the crimes, the prosecutor may, in the discretion of the trial court, go into some of the details of the crime voluntarily opened up by the accused, since, once the accused opens up a matter, he cannot arbitrarily close the door and exclude material evidence necessary for a proper understanding of the matter opened on re-direct. *Barry v. State*, 369 P.2d 652, 657 (Okla. Crim.App.1962). *See also Igo v. State*, 267 P.2d 1082, 1097 (Okla.Crim.App.1954).

Here, the prosecutor questioned appellant on re-cross to elicit the identity of his victims, their addresses, the nature of the crimes and other incidental details to prove these former convictions did not arise from the same transaction or occurrence contrary to appellant's claim. (Tr. at 57–63) We find no error by the prosecutor in eliciting the details of appellant's former convictions once appellant opened the door to inquiry on these material matters.

As to appellant's request for a jury instruction on impeachment by former conviction (OUJI–CR 824), appellant admits this was an oral request, *Brief of Appellant* at 6, which is confirmed by the record made at the sentencing hearing. (Tr. of June 20, 1986, at 6).

We have repeatedly held that if a defendant feels that additional instructions should be given, it is his duty to reduce instructions to writing and submit them to the trial judge and request that they be given. In the absence of such request, a conviction will not be reversed unless this court is of the opinion that failure to give an instruction has deprived defendant of a substantial right. *Trevino v. State*, 739 P.2d 1019, 1021 (Okla.Crim.App.1987). Inasmuch as appellant introduced three of his former convictions on direct examination, the prosecutor elicited the balance of the convictions both to impeach credibility and to enhance sentence under 21 O.S.Supp.1985, § 51(B), and the prosecutor introduced into evidence copies of appellant's former judgments and sentences for sentence enhancement purposes in this single stage trial, we find appellant was not deprived of a substantial right by the trial court's refusal to issue the requested instruction. These assignments are meritless.

For his third assignment of error, appellant asserts the trial court erred in enhancing his sentence under 21 O.S.Supp.1985, § 51(B), because (1) the State failed to prove beyond a reasonable doubt that his former convictions did not arise from the same transaction or occurrence, and (2) seven of his former convictions were rendered on the same date, as a result of which only

two of the former convictions could be used for sentence enhancement purposes.

■ Appellant has the burden of proving the prior convictions arose from the same transaction or occurrence. *Mornes v. State*, 755 P.2d 91, 95 (Okla.Crim.App. 1988). The fact that appellant pled guilty to seven of these convictions on the same date is insufficient to meet his burden of proof. *Id.* Moreover, the prosecutor established on re-cross examination that six of these former convictions involved different victims, residing at different addresses, and the crimes occurred on different dates. Appellant admitted he pled guilty to these crimes on the same date to receive concurrent sentences. (Tr. at 63). The trial court did, however, rule that two of these former convictions, CRF–83–2641 and CRF–83–2740, arose from the same transaction and refused to admit them for sentence enhancement purposes. Appellant, therefore, has a minimum of six former felony convictions which could be used for sentence enhancement purposes. Even assuming appellant only has two former convictions suitable for enhancement purposes, that satisfies the requirements of Section 51(B). *Id.* This assignment is meritless.

■ For his fourth assignment of error, appellant argues the trial court erred by enhancing his punishment under 21 O.S. Supp.1985, § 51(B), and claims his punishment should have been enhanced under the Uniform Controlled Substance Act, 63 O.S. 1981, § 2–402(B)(1). We disagree. None of appellant's former convictions involved drug related offenses. Therefore, Section 2–402(B)(1) was unavailable for sentence enhancement purposes and the State properly enhanced punishment under Section 51(B). *See Novey v. State*, 709 P.2d 696, 699 (Okla.Crim.App.1985). This assignment is meritless.

■ For his fifth assignment of error, appellant claims 21 O.S.Supp.1985, § 51(B), was unconstitutionally applied because he received a greater punishment under Section 51(B) than he would have received had his sentence been enhanced under 63 O.S. 1981, § 2–402(B)(1), thereby depriving him of equal protection of the law. We ad-

dressed this precise issue in *Mitchell v. State*, 733 P.2d 412, 415 (Okla.Crim.App. 1987), and, for the reasons cited therein, reject appellant's contention.

■ For his sixth assignment of error, appellant asserts his sentence violates the proportionality principle and constitutes cruel and unusual punishment. Appellant's sentence was enhanced under 21 O.S. Supp.1985, § 51(B), our recidivist statute. Inasmuch as the Supreme Court has found a mandatory life sentence imposed after two former felony convictions does not constitute cruel and unusual punishment under the Eighth Amendment, *Rummell v. Estelle*, 445 U.S. 263, 285, 100 S.Ct. 1133, 1145, 63 L.Ed.2d 382 (1980), and appellant was sentenced to a lesser punishment of forty years imprisonment after former conviction of eight felonies, we find the sentence imposed does not constitute cruel and unusual punishment.

■ For his seventh assignment of error, appellant argues the trial court did not have jurisdiction to try him because one of the jurors was not a resident of Oklahoma County at the time of trial. One juror lived on South Western Street and thought he lived in Oklahoma County. The juror learned after trial he lived in Cleveland County, just south of the Oklahoma County line. The juror responded on voir dire he lived in Oklahoma County. This issue was argued at appellant's motion for a new trial, at which time the trial judge found the error to be harmless and denied the motion. (Tr. of June 20, 1986, at 5–6)

■ The State argues appellant's failure to object to impaneling the jury by making a timely motion to quash waives the issue on appeal. We disagree. Neither the juror nor the parties knew until after the trial that the juror resided outside of Oklahoma County. Defense counsel, through no fault or failure of diligence, lacked the requisite information to raise a timely motion to quash on the grounds of non-residency. Consequently, we find appellant has not waived the issue.

Appellant relies on 38 O.S.1981, § 28(A), which provides: "All citizens of the United States, residing in this state, having the qualifications of electors of this state, who are of sound mind and discretion and of good moral character are competent jurors to serve on all grand and petit juries *within their counties. . . .*" (emphasis added). The statute further provides that seven specified classes are not qualified to serve as jurors. 38 O.S.1981, § 28(B). Although failure to reside in the county in which the jury is impaneled is not one of the classes statutorily disqualified to serve on a jury, appellant argues that residency in the county is a necessary predicate to jury service by the terms of Section 28(A).

Assuming, without deciding, that the juror's non-residency in the county disqualified him from participating in appellant's trial, "the mere fact that a juror lacked one of the general statutory qualifications to serve as a petit juror, which was unknown until after the verdict, does not require that the verdict be set aside, when such disqualification is not inherent or necessarily of a prejudicial nature, and it was not shown that the rights of the complaining party were probably prejudiced." *Lindsay v. Sikes,* 483 P.2d 1141, 1143 (Okla.1971). Appellant has failed to demonstrate prejudice by juror Allen's participation. We find no abuse of discretion by the trial court in denying appellant's motion for a new trial based upon the non-residency of this juror.

For his eighth assignment of error, appellant asserts the trial court erred in refusing to suppress the PCP because it was discovered during a *Terry* stop and frisk and constituted the fruit of an unreasonable search and seizure. We disagree. Both arresting officers testified appellant had already been arrested for public intoxication when they searched him incident to arrest and found the PCP in his pocket before placing him in the patrol car. Appellant admitted the officers discovered the PCP after arresting him for public intoxication, but claimed the officers found the PCP on the ground and not in his pocket. Warrantless searches are reasonable where the search of the person is incident to a lawful arrest. *Whitehead v. State,* 546 P.2d 273, 275 (Okla.Crim.App.1976). *United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1976). This assignment is meritless.

For his final assignment of error, appellant argues the cumulation of error warrants reversal. Where there is no individual error, there can be no error by accumulation. *Mornes,* 755 P.2d at 95. This assignment is meritless.

In light of the above, appellant's judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in results.