FILED
United States Court of Appeals
Tenth Circuit

July 9, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ORLANDO CORTEZ CLARK,

      Petitioner - Appellant,

v.

KEVIN MILYARD, Sterling
Correctional Facility; JOHN
SUTHERS, Attorney General of the
State of Colorado

      Respondents - Appellees.

No. 09-1153
(D.C. No. 09-CV-00653-ZLW)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Orlando Cortez Clark, a state prisoner appearing pro

se, seeks a certificate of appealability ("COA") allowing him to appeal the denial

of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254.

The district court dismissed the action for lack of jurisdiction because it found the

petition to be a second or successive application. We agree, and decline to

authorize consideration of the petition.

Mr. Clark was convicted on two counts of second degree burglary (in

separate trials) and was sentenced to two 24-year sentences, to be served

concurrently. 1 R. Doc. 1 at 2-2(a). On direct appeal, his conviction and sentence were affirmed and the Colorado Supreme Court denied certiorari. 1 R. Doc. 1 at 2, 3. Mr. Clark then pursued post-conviction relief in state court, but was again denied relief. 1 R. Doc. 1 at 3-4(c). Mr. Clark subsequently sought relief in federal court by bringing two applications for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both applications were dismissed with prejudice as barred by the one-year limitation period in 28 U.S.C. § 2244(d). See Clark v. Soares, No. 03-cv-01352-EWN-PAC (D. Colo. Nov. 29, 2005) (challenging Arapahoe County District Court case number 95-CR-1261); Clark v. Soares, No. 03-F-01351-PSF-PAC (D. Colo. July 28, 2004) (challenging Arapahoe County District Court case number 95-CR-1249). Mr. Clark then brought another application for a writ of habeas corpus, which the district court dismissed for lack of jurisdiction as a second or successive application. Clark v. Milyard, No. 09-cv-00653-BNB (D. Colo. Apr. 8, 2009). Mr. Clark now seeks a COA from this court.

In order for the district court to have jurisdiction over a second or successive habeas corpus application, this court must grant a COA authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); see In re Cline, 531 F.3d 1249, 1251-52 (10th Cir. 2008). To secure such authorization, the petitioner must demonstrate that the new claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

-2-

Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," id. § 2244(b)(2)(B).

Mr. Clark does not meet this standard. His claims in the instant action are not based on either a new rule of constitutional law or newly discovered evidence. While Mr. Clark argues that the county court judge was not properly authorized to act as a district court judge in his case, and therefore lacked jurisdiction to enter judgment and sentence against Mr. Clark, we note that Mr. Clark cites no new rule of federal constitutional law and has not shown that he could not have previously discovered the factual predicate for his claim. Further, Mr. Clark's attempt to avoid the limitations on second or successive petitions by framing the issue as a Rule 60(b) issue and a jurisdictional issue fails. First, this is not properly treated as a Rule 60(b) motion because it is a merits-based attack on his state convictions. See Berryhill v. Evans, 466 F.3d 934, 937-38 (10th Cir. 2006). Second, we note that "there are specific and narrow exceptions to the successive petition rules. These exceptions are set forth in Section 2244(b)(2)." Propes v. Quarterman, No. 07-40833, 2009 WL 1813192, at *7 (5th Cir. 2009). Alleged

-3-

lack of jurisdiction is not one of them, and we will not create new exceptions.

<u>See</u> <u>id.</u>  Accordingly, the district court properly dismissed the case for lack of

jurisdiction.  <u>See</u> <u>In re Cline</u>, 531 F.3d at 1252.

We DENY the request for a COA and DENY the request to proceed IFP.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge