FILED
United States Court of Appeals
Tenth Circuit

December 6, 2022

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JOSEPH ALLEN BROWN,

    Petitioner - Appellant,

v.

JANET DOWLING,

    Respondent - Appellee.

No. 22-5021
(D.C. No. 4:19-CV-00014-TCK-JFJ)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ** and **ROSSMAN**, Circuit Judges.
_____

Joseph Allen Brown, a state inmate proceeding pro se,[1] seeks review of the district

court's judgment denying his application for federal habeas relief under 28 U.S.C.

§ 2254. To appeal from the district court's order, he requires a certificate of appealability

(COA). We deny a COA and dismiss this matter.

A COA is a jurisdictional prerequisite to our review. *Miller-El v. Cockrell*,

537 U.S. 322, 336 (2003). A COA may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Brown's pro se filings but do not act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

satisfy this standard, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Also, pertinent here, "we may deny a COA if there is a plain procedural bar to habeas relief, even though the district court did not rely on that bar." *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

Mr. Brown identifies his issues for a COA as follows:

I.  [The] trial court lost jurisdiction to pronounce judgment and sentence due to its failure to accord and enforce my statutory rights under [Okla. Stat. tit. 28, § 28(D)] and my rights under Art. 2 § 19 of [the] Oklahoma Constitution and [the] 14th Amendment of [the United States] Constitution.[2]

II.  [The] trial judge and [Oklahoma Court of Criminal Appeals (OCCA)] judges were either bias[ed] towards me or incompetent.

---

[2] Article 2, Section 19 of the Oklahoma Constitution reads in pertinent part as follows:

> The right of trial by jury shall be and remain inviolate, except in . . . criminal cases wherein punishment for the offense charged is by fine only, not exceeding One Thousand Five Hundred Dollars ($1,500.00). . . .  Juries for . . . felony criminal cases shall consist of twelve (12) persons.  All other juries shall consist of six (6) persons.  However, in all cases the parties may agree on a lesser number of jurors than provided herein.

> In all criminal cases where imprisonment for more than six (6) months is authorized the entire number of jurors must concur to render a verdict.  In all other cases three-fourths (¾) of the whole number of jurors concurring shall have power to render a verdict.  When a verdict is rendered by less than the whole number of jurors, the verdict shall be signed by each juror concurring therein.

III.  Appellate counsel was constitutionally ineffective for failing to cite and argue *State v. Smith*, 320 P.2d 719 ([Okla. Crim. App.] 1958) and for failing to present issues I & II herein on direct appeal.

COA Appl. at 1, 13, 26 (capitalization omitted).

## BACKGROUND

Mr. Brown was charged in Oklahoma state court with first-degree murder with malice aforethought (count one) and assault and battery with a dangerous weapon (count two).  His case proceeded to a jury trial.  During voir dire, a prospective juror (R.D.) identified himself as "a former Tulsa County Detention officer" and "a former Sapulpa Police Dispatcher and Jailer" and stated that he "currently work[ed] for the Bixby Police Department as a Dispatcher and Jailer."  R., Vol. 1 at 217.  An Oklahoma statute in effect at the time of Mr. Brown's trial made jailers or law enforcement officers ineligible to serve as jurors in criminal cases.  *See* Okla. Stat. tit. 38, § 28(D) (2015) ("Jailers or law enforcement officers, municipal, state or federal, shall be eligible to serve on noncriminal actions only.").  But neither the trial court, Mr. Brown's attorney, nor the prosecutor sought to remove R.D. from the jury panel for cause, and neither side sought to remove him by using a peremptory challenge.  R.D. thus served on the jury for Mr. Brown's trial.

The jury found Mr. Brown guilty of count one (first-degree murder).  On count two, it found him guilty of the lesser-included offense of reckless conduct with a firearm. The jury set his punishment at life imprisonment on count one and six months in jail on count two, and the trial court sentenced him accordingly.  Mr. Brown appealed to the OCCA, which affirmed his conviction and sentence.  He then unsuccessfully sought postconviction relief in the Oklahoma courts.

3

In his counseled direct appeal to the OCCA, Mr. Brown raised a challenge to having R.D., who was statutorily disqualified, serve as a juror on his case. He argued that the trial court should have struck R.D. for cause sua sponte due to his employment as a municipal jailer. Reviewing this claim for plain error due to trial counsel's failure to seek R.D.'s removal from the jury panel, the OCCA denied the claim, because "[t]he right to challenge any juror for any particular cause is a statutory right that can be waived by failure to claim it" and the OCCA found no prejudice and therefore no plain error. R., Vol. 1 at 165.

The OCCA also denied Mr. Brown's claim that trial counsel had provided ineffective assistance by failing to seek R.D.'s removal from the panel. It reasoned that because it had found no prejudice in connection with the underlying claim, Mr. Brown could not satisfy the prejudice requirement of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), for an ineffective-assistance claim. *See* R., Vol. 1 at 166-67.[3]

In his pro se application for post-conviction relief, Mr. Brown renewed his argument that R.D. was improperly seated on his jury, claiming that his appellate counsel had been ineffective in failing to adequately present the issue on direct appeal. The district court denied his application, and the OCCA affirmed. The OCCA found that the statutorily disqualified juror issue had been "raised and adequately addressed in his direct

---

[3] In a footnote, the OCCA suggested that Mr. Brown's ineffective-assistance claim also failed *Strickland*'s deficient-performance element, *see Strickland*, 466 U.S. at 687, because trial counsel may have made a strategic choice to keep R.D. on the jury given that "several of [R.D.'s] comments showed him arguably to be favorable to the defense, and no comments suggested prejudice against the defense." R., Vol. 1 at 167 n.1.

appeal," *id.* at 213, and that the ineffective-assistance issues Mr. Brown sought to raise on post-conviction review were "procedurally barred as *res judicata*," *id.*

Mr. Brown then filed this federal habeas application, in which he raised several issues surrounding the statutorily disqualified juror issue. The district court denied his habeas application, denied his request for an evidentiary hearing, and denied a COA.

## DISCUSSION

Federal habeas review of Mr. Brown's issues is prescribed by the AEDPA standards for § 2254 claims. To the extent his issues were presented to and adjudicated on the merits by the Oklahoma state courts, we may grant relief only if the state court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Our review is also limited in that we cannot grant habeas relief purely for errors of state law. *See, e.g.*, *Eizember v. Trammell*, 803 F.3d 1129, 1145 (10th Cir. 2015). "A prisoner may seek [habeas] relief, however, if a state law decision is so fundamentally unfair that it implicates federal due process." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017).

5

## I. Trial Court's Jurisdiction to Pronounce Judgment and Sentence

In his first ground for a COA, Mr. Brown argues that when an Oklahoma state trial court fails to ensure that only qualified jurors are seated, that court loses jurisdiction to pronounce a valid judgment and sentence. This lack of jurisdiction, he asserts, warrants the issuance of a writ of habeas corpus irrespective of any prejudicial effect on the jury's verdict occasioned by seating the unqualified juror. *See* COA Appl. at 3, 9, 11. To support this claim, Mr. Brown primarily cites Oklahoma cases that discuss state law. To the extent his claim relies solely on an alleged violation of state statutory or constitutional rights, however, it is not cognizable in federal habeas proceedings. *See Eizember*, 803 F.3d at 1145.

That said, "[a]bsence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008).[4] Liberally construing Mr. Brown's application, he also seeks to assert a federal due process claim premised on the state trial court's alleged loss of jurisdiction to convict and sentence him.

But such a claim suffers from a disqualifying procedural deficiency. To bring a claim in federal habeas proceedings, a state prisoner must first exhaust it by presenting it to the state courts. *See* 28 U.S.C. § 2254(b)(1)(A). This requires him to "pursue it

---

[4] In his habeas application, Mr. Brown made passing statements that the trial court had violated his Fourteenth Amendment right to equal protection of the law. The district court rejected any such claim, "discern[ing] no colorable equal-protection claim in either the petition or the reply brief." R., Vol. 1 at 301 n.9. For similar reasons, Mr. Brown's cursory references to equal protection in his COA application do not warrant a COA.

through one complete round of the State's established appellate review process, giving the state courts a full and fair opportunity to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (internal quotation marks omitted). A claim is unexhausted "if the substance of the claim [the prisoner] is arguing here is different from the argument he made to the OCCA." *Simpson v. Carpenter*, 912 F.3d 542, 565 (10th Cir. 2018).

Mr. Brown did not give the Oklahoma courts an adequate opportunity to consider his freestanding lack-of-jurisdiction claim. His direct-appeal argument to the OCCA did not rely on a purported lack of jurisdiction. *See* R., Vol. 1 at 29-31, 36-37, 40. Although he mentioned an alleged lack of jurisdiction in his application for post-conviction relief, *see id.* at 171-72, when he appealed the denial of that application to the OCCA he did not present a freestanding lack-of-jurisdiction claim. Instead, in "Ground One" of his appellate post-conviction brief he claimed his appellate counsel had been ineffective in failing to adequately present and develop his disqualified-juror claim on direct appeal. *See id.* at 205-08. Accordingly, the OCCA only addressed that claim as an ineffective-assistance claim. *See id.* at 212-13; 292 & n.4. Thus, to the extent Mr. Brown now seeks a COA to raise a freestanding lack-of-jurisdiction claim, thereby bypassing the stringent requirements of the *Strickland* test, that purported claim is unexhausted and does not warrant a COA.[5]

---

[5] The § 2254 exhaustion requirement contains no exception for jurisdictional claims, *see* § 2254(b)(1)(A), so a prisoner must first exhaust state-court remedies even if his claim involves the alleged lack of state-court jurisdiction. *Cf. Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) ("Absence of jurisdiction in the convicting court

## II. Oklahoma Judges' Alleged Bias and Incompetence

Mr. Brown next argues that because the trial judge had a mandatory statutory duty to remove the disqualified juror, her failure to do so showed she was either biased against him or incompetent. Her actions thus allegedly violated his "right to a fair trial before an impartial, competent judge . . . thereby violating the Sixth Amendment." COA Appl. at 19. He contends, similarly, that the OCCA showed its own "bias and incompetence" by condoning "the trial judge's blatant disregard of the law," by disregarding the juror qualification statute's mandatory provisions, and by "flouting its own controlling precedent." *Id.* at 19-20 (internal quotation marks omitted). As with his jurisdictional claim, Mr. Brown fails to show he exhausted this claim by presenting it to the Oklahoma courts. *See Selsor*, 644 F.3d at 1026. We therefore deny a COA concerning this claim.

## III. Ineffective Assistance of Appellate Counsel

Lastly, Mr. Brown presents an ineffective assistance of appellate counsel claim. This claim is partially exhausted. Mr. Brown did not exhaust his subclaim arguing that his appellate counsel should have presented COA claim II (court bias and incompetence) to the Oklahoma courts. He did, however, present to the OCCA his other two subclaims:

---

is indeed a basis for federal habeas corpus relief cognizable under the due process clause. . . . [but as] with any other habeas claim, it is subject to dismissal for untimeliness." (internal quotation marks omitted)); *Clark v. Milyard*, 341 F. App'x 353, 354 (10th Cir. 2009) (denying COA to appeal dismissal of second or successive habeas application, where petitioner argued that county judge was not authorized to act as a state district court judge and therefore lacked jurisdiction to enter judgment and sentence against him, because "[a]lleged lack of jurisdiction is not [a recognized exception to the successive application rules], and we will not create new exceptions").

that his appellate counsel was ineffective (1) in failing to argue structural error (including a violation of his right under the Oklahoma Constitution to a twelve-person jury) under the rule in *State v. Smith*, 320 P.2d 719 (Okla. Crim. App. 1958), *see* R., Vol. 1 at 205-06; and (2) in failing to raise a claim that the trial court lacked jurisdiction to try him (now presented as his freestanding COA claim I), *see id.* at 206-07.  But for reasons we will explain, neither of these subclaims warrants a COA.

In *Smith*, a state trial court quashed a grand jury indictment because one of the grand jurors was a deputy sheriff who by statute was not eligible to serve as a grand juror. 320 P.2d at 721.  The State appealed on a reserved question of law, which the OCCA resolved in favor of the defendant and against the State.  The OCCA reasoned that the provisions of the disqualification statute were "mandatory since they affect public justice." *Id.* at 724.  An indictment issued by a jury containing a disqualified person was "therefore no indictment, but an accusation made by an unauthorized body of men." *Id.* (internal quotation marks omitted).  The OCCA stated that "the jury in this case was not a jury of twelve qualified jurors, but was composed, in fact, of eleven qualified grand jurors and one deputy sheriff." *Id.* at 725.  As a result, "the grand jury did not acquire legal existence and the indictment was subject to being quashed." *Id.*  Moreover, "[o]ne who is disqualified by statute to serve cannot be qualified either by waiver or laches." *Id.* at 726.

Mr. Brown argues his appellate counsel should have cited *Smith* and argued both that he "was tried and convicted by an 11-person jury" in violation of the Oklahoma Constitution, and that "the language of Okla. Stat. tit. 38, § 28(D) was mandatory and

9

thus requires a trial court to excuse a disqualified juror absent any objections." COA Appl. at 28, 30 (internal quotation marks omitted). The district court correctly stated that to establish a Sixth Amendment violation from counsel's omission of appellate issues, Mr. Brown had to show (1) appellate counsel performed deficiently by failing to raise meritorious issues and (2) but for counsel's failure to raise those issues, there is a reasonable probability that he would have prevailed on appeal. *See, e.g.*, *Davis v. Sharp*, 943 F.3d 1290, 1299 (10th Cir. 2019).[6] It concluded, after reviewing Oklahoma case law concerning juror qualifications, that the first element was satisfied: by failing to argue "that Brown was deprived of a 12-person jury, as guaranteed by the state constitution" and by failing "to discuss any of the cases interpreting the relevant statute," including *Smith*, counsel had failed to adequately present the disqualification issue and had therefore performed deficiently on appeal. *See* R., Vol. 1 at 319-20.

The court further concluded, however, that Mr. Brown was not prejudiced because under a "well-established rule in Oklahoma" a defendant must object to a disqualified juror before the jury is sworn, or the issue is waived. *Id.* at 320-21. Given this settled Oklahoma law, it was not reasonably likely that counsel could have achieved a different result by arguing that waiver was unavailable because the error was structural under

---

[6] In addressing this ineffective-assistance claim, the district court concluded that the OCCA's reasons for denying the claim were unreasonable under § 2254(d) because (1) *res judicata* did not apply, and (2) in any event, the OCCA had failed to apply the appropriate *Strickland* standard. *See* R., Vol. 1 at 317. Because it found the OCCA's determination unreasonable, the district court independently reviewed this issue.

*Smith* or because the error had deprived Mr. Brown of a 12-person jury under Art. II, § 19 of the Oklahoma Constitution.

Finally, the district court characterized the *Smith* case as an "outlier" on the waiver issue and distinguished its facts from those in Mr. Brown's case. R., Vol. 1 at 321. *Smith* concerned objections to an improperly constituted grand jury and did not "discuss the waiver rule that bars a post-verdict challenge to a statutorily disqualified [petit] juror," *id.*, which was stated in many other Oklahoma cases.

In his COA application, Mr. Brown continues to argue that having R.D. serve on his jury was a structural error that was not subject to waiver. He also argues that his appellate counsel provided ineffective assistance by failing to make a lack-of-jurisdiction argument. We note he did not present this jurisdictionally based ineffective-assistance argument in his federal habeas application, *see id.* at 14, or in his habeas reply brief, *see id.* at 262-68, and in general, issues presented for the first time on appeal are waived. *See Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015) ("We have long applied the rule that we do not consider issues not raised in the district court to bar not only a bald-faced new issue presented on appeal, but also situations where a litigant changes to a new theory on appeal that falls under the same general category as an argument presented [in district court]." (internal quotation marks omitted)); *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (applying this waiver rule in COA context). Nevertheless, even if we consider the argument, it does not warrant a COA.

Mr. Brown fails to show that the district court debatably erred by determining there was no reasonable probability that the outcome of his direct appeal would have

been different with a better presentation of his statutory-disqualification claim.

Oklahoma cases have long applied waiver and harmless error principles to claims

involving juror disqualification, even where jurisdictional or constitutional objections

were raised. *See, e.g.*, *Johnson v. State*, 764 P.2d 197, 202 (Okla. Crim. App. 1988)

(rejecting defendant's argument that trial court lacked jurisdiction to try him because one

juror was not a resident of the county where the jury was impaneled; holding defendant

failed to demonstrate prejudice); *Williams v. State*, 509 P.2d 681, 684 (Okla. Crim. App.

1973) (rejecting defendant's claim that selecting jurors from tax lists was

unconstitutional, where "counsel did not properly preserve this error, so it cannot be

heard by this Court on appeal" and, in any event, "the defendant did not show how he

was prejudiced by the selection of this jury panel"); *Roberson v. State*, 456 P.2d 595, 600

(Okla. Crim. App. 1967) (stating Oklahoma law supposes that if a ground for

disqualification is discovered during voir dire, "that a challenge for cause would be

made"); *David v. State*, 179 P. 48, 49-50 (Okla. Crim. App. 1918) (upholding denial of

new trial where juror was deputy sheriff who had had custody of defendant as jailer after

he was arrested, where defendant did not object until after jury returned its verdict and

where defendant also failed to show the juror was biased or prejudiced against him). *Cf.*

*Reeson v. State*, 272 P. 1033, 1034-35 (Okla. Crim. App. 1928) (reversing denial of new

trial where sheriff's deputy was seated as juror without objection, where defendant was

unaware of the basis for qualification until after the verdict was returned, *and* "a careful

examination of the record [showed] that the defendant did not have that fair and impartial

trial to which he was entitled"). We further agree with the district court that because the

12

facts of *Smith* are distinguishable,[7] arguing that case to the OCCA was unlikely to have achieved a different result in Mr. Brown's appeal. Finally, the Oklahoma constitutional provision Mr. Brown contends his appellate counsel should have argued both supports a waiver analysis and weighs against his jurisdictional argument, because it provides that "in all cases" a defendant "may agree on a lesser number of jurors than provided herein." Okla. Const. art. II, § 19.

## CONCLUSION

We deny Mr. Brown's application for a COA and dismiss this matter.

Entered for the Court


Jerome A. Holmes
Chief Judge

---

[7] *Smith* does contain language that sweeps broadly and arguably applies to both grand and petit juries. For example, the OCCA urged trial courts "to exercise meticulous care in the matter of inquiry into jurors' qualifications on *either grand or petit juries*," and to "promptly excuse[]" disqualified jurors to avoid "the taint of bias and prejudice." *Smith*, 320 P.2d at 726 (emphasis added). Nevertheless, *Smith*'s holding that a grand jury indictment was properly quashed does not create a debatable issue about the alleged mandatory nature of disqualification in Mr. Brown's very different circumstances.