**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2009

Charles R. Fulbruge III
Clerk

No. 07-40833

JOHNNIE R PROPES

Petitioner - Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before KING, STEWART, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

Johnnie R. Propes, Texas prisoner #1178904, appeals the district court's dismissal of his application for a writ of habeas corpus. The court found the petition to be successive, and Propes had not received permission from this court to file a successive request for habeas relief.

We granted Propes a certificate of appealability ("COA") on two issues. One was whether an application should be considered successive when the application form given to the prisoner instructed that "*only* one" box be checked for the type of proceeding he sought to challenge, and also said "only judgments entered by one court may be challenged in a single petition." The other was

whether law-of-the-case implications arose from a different panel's denial of Propes's motion for leave to file a successive application. We AFFIRM.

## I. BACKGROUND

In June 2003, Propes was convicted of murder in Texas state court and sentenced to eighteen years in prison. The conviction was affirmed on direct appeal to the Texas Fifth District Court of Appeals. *Propes v. State*, No. 05-03-01122-CR, 2004 WL 1328084 (Tex. App.—Dallas June 15, 2004, pet. ref'd) (mem. op., not designated for publication). The Texas Court of Criminal Appeals refused his petition for discretionary review. *Id.*

Propes filed his first federal habeas application in the Western District of Texas in February 2005. In the petition, he challenged only a disciplinary proceeding and not his conviction. Propes had been disciplined for threatening harm in the prison to "an officer or any other person who is not an offender." Restrictions and loss of privileges were the penalties. The district court dismissed with prejudice in March 2006, concluding that Propes had failed to assert a deprivation of any right secured by the constitution or federal law. It is this 2005 petition that has been found to block his present habeas filing.

While the just-described federal application was pending, Propes filed a state habeas application in November 2005. There, Propes challenged his murder conviction. The Texas Court of Criminal Appeals denied that application without a written order in February 2007. In March 2007, Propes filed the present federal habeas application in the Eastern District of Texas. In this petition, Propes again challenged his murder conviction, alleging that he received ineffective assistance of counsel during his murder trial. In May 2007, a magistrate judge entered a report and recommendation on Propes's petition. Propes's application was to be dismissed as successive unless he showed, within ten days, that he had received permission from this court to file a successive petition. Propes objected to the report and recommendation, arguing that the

form he had been given caused him to believe it would be improper to join other claims. The district court adopted the report and recommendation in August 2007. A final judgment was entered dismissing Propes's application without prejudice. The district court did not address Propes's arguments with respect to the form provided to habeas applicants. Propes filed a motion for a COA with the district court, which it denied.

Propes then appealed the district court's denial of a COA. Propes also filed a number of pleadings that were construed as a motion for leave to file a successive habeas petition. These additional pleadings were docketed as a separate action under a different docket number.

While Propes's motion for a COA was still pending, a panel of this court denied his motion for leave to file a successive petition. The panel noted the argument that his proposed application "should not be considered successive because his prior application did not challenge his murder conviction but rather challenged a disciplinary conviction." The panel concluded that because Propes could have raised the challenges to his conviction in his February 2005 application regarding the disciplinary matters, his second petition was successive. The panel further determined that Propes failed to explain why his claims met the requirements for filing a successive habeas application. After the panel's dismissal, Propes was granted the COA we have already described.

## II. DISCUSSION

"In reviewing requests for federal habeas corpus relief, we review the district court's findings of fact for clear error, but review issues of law de novo." *Myers v. Johnson*, 76 F.3d 1330, 1333 (5th Cir. 1996) (citation omitted).

As an initial matter, the State argues that Propes has failed to brief either of the issues certified for appeal and has therefore waived all claims. Propes's *pro se* pleadings are both voluminous and difficult to follow. Moreover, considerable portions of his submissions are devoted to issues not certified for

appeal, including the merits of the underlying attack on his conviction. Propes's initial brief, reply brief, and supplemental reply do, however, address the two issues certified for appeal, making arguments regarding the proper resolution of these questions and citing case law in support of his position. "Briefs by *pro se* litigants are afforded liberal construction . . . ." *Johnson v. Quarterman*, 479 F.3d 358, 359 (5th Cir. 2007). Propes's submissions do enough to avoid waiver.

### A. *Law-of-the-Case Doctrine*

Propes argues that the prior panel's denial of leave to file a successive habeas application was improper and should not prevent the court from considering the issues in this appeal. Liberally construing Propes's filings, he further asserts that such denial would work a fundamental injustice if not corrected through this panel's reconsideration of the issue.

Propes's basic theory is that the form provided to inmates for filing habeas petitions is misleading and conflicts with this court's precedents regarding the submission of successive applications for habeas relief. We will discuss this argument in more detail later, once we analyze whether the law-of-the-case doctrine bars consideration of this issue.

The State's argument is that when the prior panel denied Propes leave to file a successive habeas application, it explicitly decided the sole issue presented now, namely, whether Propes's second habeas petition is successive. The law-of-the-case doctrine provides that an explicit or necessarily implied resolution of a legal issue by an appellate court becomes that case's law and is to be followed in the subsequent proceedings in the case. *Goodwin v. Johnson*, 224 F.3d 450, 457 (5th Cir. 2000). The doctrine "is a rule of convenience and utility and yields to adequate reason, for the predecessor judge could always have reconsidered his initial decision so long as the case remained in his court." *Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983).

There are three recognized exceptions to the law-of-the-case doctrine. Generally, when the doctrine applies, "a request to revisit a prior decision will be declined, unless (i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work . . . manifest injustice." *Goodwin*, 224 F.3d at 457-58 (internal quotation marks and citation omitted).

The discretion to be exercised by an appellate court is affected "by the nature of the first ruling and by the nature of the issues involved. If the ruling is avowedly tentative or the issues especially important, it may be said that law-of-the-case principles do not apply." 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.5, at 790 (2d ed. 2002). Matters of subject-matter jurisdiction, appellate jurisdiction, or justiciability are more likely to be reconsidered because of their conceptual importance. *Id.* When "the initial determination was made by an appeals court's motion panel," reconsideration is particularly apt. *Id.* at 800, 802.

Although a motions panel of this court denied Propes leave to file a successive habeas application, Propes's present arguments regarding the form provided to him were not before the court. Moreover, the panel was exercising a gatekeeping function in ruling on Propes's request for leave to file a successive petition; it did not consider the issue as part of an adversarial proceeding.

Accordingly, to the extent that Propes's present claim implicates the law-of-the-case doctrine, we exercise our discretion to review whether Propes's habeas petition was properly dismissed as successive.

*B. Successive Petitions*

We first examine whether this petition, under the usual analysis, should be considered successive. If it is, then Propes's arguments concerning the form that he was given to use will become relevant.

Section 2244 of the Antiterrorism and Effective Death Penalty Act requires that a petitioner obtain an order authorizing the district court to consider a second or successive habeas petition before the petitioner may file such application. 28 U.S.C. § 2244(b)(3)(A). The requirement creates a gatekeeping mechanism for the district court's consideration of successive applications for habeas relief. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). There is not, however, a definition in the AEDPA of the term "second or successive" application. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). A petition is not second or successive merely because it follows an earlier federal application. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). It is successive when it either presents a challenge to the petitioner's conviction or sentence that could have been presented in an earlier petition or can be said to be "an abuse of the writ." *Id.* at 836-37.

In *Crone*, the petitioner filed an initial federal habeas petition challenging his conviction and sentence and a second federal habeas application challenging a disciplinary proceeding. *Id.* at 835. The petitioner argued that his subsequent petition was not successive and that he was not required to raise his challenge to the disciplinary proceeding in his initial application because it was unexhausted at the time the initial petition was filed. *Id.* at 837. In considering whether Crone's second habeas petition was successive, this court looked to pre-AEDPA abuse-of-the-writ principles.

> Under the abuse-of-the-writ doctrine, a subsequent petition is second or successive when it raises a claim that was, or could have been, raised in an earlier petition. In accordance with our strong policy against piecemealing claims, we have long held that under an abuse of the writ standard, the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission.

*Id.* (internal quotation marks and citations omitted). Crone's second petition was found to be successive because the challenge to the disciplinary proceeding

could have been brought in the first application because he knew of the facts underlying that claim at that time. *Id.* at 838.

The court also held that had Crone in his first petition joined a challenge to his disciplinary proceedings to an attack on his conviction, the entire petition should have been dismissed without prejudice. *Id.* at 837. Petitions that mix exhausted and unexhausted claims should be dismissed until exhaustion is fully accomplished, or else there will be piecemeal consideration of the claims. *Id.* The next petition, after exhaustion, would not be successive. *Id.* The key is whether the unexhausted claim arose prior to the Section 2254 filing.

We apply these principles. The alleged errors in Propes's conviction, which are the targets of the challenge he now presents in a second habeas filing, occurred before Propes made his first habeas filing. That fact makes the second habeas petition successive under the AEDPA. *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000). It is true that Propes had not yet exhausted his claims to the conviction in state court at the time he filed his initial petition for habeas relief. Under *Crone*, he still was required to join his claims.

Propes also argues that the Texas Department of Criminal Justice's disciplinary action against him was a separate ruling by a separate court. We have already held that the Texas Department of Criminal Justice is not a "state court" and that its disciplinary decisions are not judgments. *See Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991). Instead, a challenge to a disciplinary proceeding is considered a challenge to the administration of the sentence for the underlying conviction. *Id.*

Next, Propes finds support from our earlier decision that a petitioner may, but is not required to, challenge separate convictions from the same court in a single habeas application. *Hardemon*, 516 F.3d at 275-76. That rule is inapplicable because as we stated in the just-discussed *Collins* decision, disciplinary proceedings do not result in separate judgments. There is one

judgment that has placed Propes in prison. Included within the results of that judgment are disciplinary proceedings that occur while he is subject to the conviction. There is, of course, still a requirement that the claims could actually have been brought together. Disciplinary actions that occur after a petition for habeas relief on the conviction has been presented and resolved could not have been brought in the earlier petition and would not be subject to this bar. The AEDPA concerns for abuse of the writ lead to stringent requirements for the bringing of claims, but not impossible ones.

We therefore conclude that when Propes challenged his state court conviction, he filed a successive petition that would be barred under the AEDPA absent some principle allowing removal of the bar. The exceptional principle he argues is that the court itself misled him. He focuses us on the form provided to him as an inmate for filing his habeas application. Propes contends that the form directed him not to join to his claims about the disciplinary proceedings any separate challenge such as he now makes to his conviction.

The record contains his 2005 petition for a writ of habeas corpus. It is a printed form specifically for Section 2254 petitions. Propes completed it by filling in the blanks with handwritten information. We do not know if all federal district courts in Texas would have used the same form, but the form itself on the first page contains a blank for identifying which U.S. District Court in Texas is the one in which the petition is to be filed.

Two sections of the form are said to be the ones that misled Propes. The first is in one of the general instructions on the first two pages of the form:

> 5. Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

We find no error in this instruction. We have already discussed that a disciplinary matter is not a separate judgment. A petitioner is to bring claims against a judgment and claims that arise from disciplinary matters that occur during incarceration under that judgment in the same proceeding. *Collins*, 920 F.2d at 1251. Instruction 6 required an inmate to "[i]nclude all your grounds for relief and all the facts that support each ground for relief in this petition." A challenge to disciplinary actions taken against an inmate while serving under a judgment of conviction, and a challenge to the conviction itself, are different grounds of relief on the same judgment. Those have to be brought together. Instruction number 5 was correct.

The more troubling portion of the form is the initial set of blanks to be completed, which immediately follow the general instructions:

What are you challenging (check only one)

☐ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12, & 20-23)

☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14, & 20-23)

☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19, & 20-23)

As can be seen, each category of challenge required answering the first four and the last four questions on the form. Depending on the nature of the challenge, a different set of questions in the middle were to be answered. We agree with Propes that under these instructions, he should not have answered questions 5-12 about his conviction *and* questions 15-19 concerning discipline.

Propes sees an inconsistency between the instructions on the form and the steps he is now being told were necessary to avoid the successive petition bar. The form directed an inmate not to include disciplinary claims and claims about errors in the conviction on the same document. Of course, the form did not state that claims arising out of the same judgment should be staggered. A *pro se*

litigant gets a liberal reading of his pleadings, but the basic procedural obligations still apply. *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008). Some manner in which to complete the form and comply with the necessity of combining all claims arising from one conviction was needed. One manner would be to use two separate forms, but file them at the same time.

Shorn of its incidentals, the claim Propes makes is that the form should have explicitly stated that a challenge to a prison disciplinary proceeding and a challenge to the judgment of conviction that put him in the prison in the first place had to be joined with separate, simultaneously filed petitions. We agree that would be useful. To rule in Propes's favor, though, we must find that such fuller guidance was required. We analyze, then, the purpose of the forms.

We start with what is at least one important step in the development of these forms. In late 1976, Congress approved Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Corpus Rules"). Attached to the Rules was a form petition for an inmate to use. According to Rule 2, an inmate's petition "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Habeas Corpus R. 2(d). An Advisory Committee Note goes further than the language of the Rule itself. It states that "unless a district court requires otherwise by local rule, the petition must be in the form annexed to these rules." Habeas Corpus R. 2 advisory committee's note at subdiv. (c). The form Propes filed is not the one in the Habeas Corpus Rules. There has been no issue raised here about whether the form Propes used was one adopted by the local district court. Absent any issue being made, we will assume in our analysis that Propes receives the protection of Rule 2, in that he used a form that he had to use.

Because Propes used the proper form, we would face a difficult issue if the default that is being held against him was one resulting from a requirement of the form. Propes no doubt would respond that this is exactly the reason he filed

his disciplinary claim first and separately from his claims against the judgment. Instead, we find that the default arose from Propes's not understanding or at least not following the legal requirement that joining claims arising out of the same judgment meant that disciplinary claims had to be joined to more traditional attacks on the judgment of conviction. Consequently, the language of Habeas Corpus Rule 2, requiring that Propes follow the requirements of the form, does not protect him from the successive petition bar. It would have been helpful for additional instructions to have been stated on the form, but we do not find that their absence invalidates the form or protects Propes from the bar.

This conclusion is harsh. Indeed, we have sympathy for Propes's protests about the guidance the form gave him. Yet we cannot ignore the principle that *pro se* litigants must conform to the same rules that are no doubt more easily understood by lawyers. Controlling and clear precedent on joining disciplinary and conviction challenges had been issued in 2003. *Crone,* 324 F.3d at 836. We would have little sympathy for an attorney who stated he needed the *Crone* principle pointed out on the form. Similarly, a *pro se* inmate must also be aware of the entire array of procedural requirements, not all of which may be mentioned on the form.

We also conclude that sympathy cannot breach the solid procedural barriers set out in the AEDPA. That enactment does not provide general forgiveness of understandable mistakes. Instead, there are specific and narrow exceptions to the successive petition rules. These exceptions are set forth in Section 2244(b)(2), which mandates that a second or successive habeas application be dismissed unless the applicant shows that the claims are based on a "new rule of constitutional law, made retroactive to cases on collateral appeal by the Supreme Court" or a newly discovered factual predicate establishing that "but for constitutional error, no reasonable factfinder would

11

have found the applicant guilty of the underlying offense."[1]  Not having the clearest expression of the governing principles on the form itself is not one of the exceptions.  We will not create new exceptions.

Propes has not made a prima facie showing that his application meets the requirements of Section 2244(b)(2) for pursuing a second or successive habeas application. We AFFIRM the district court's dismissal of Propes's habeas petition as successive.  We DENY Propes's additional pending motions.

---

[1] Specifically, 28 U.S.C. § 2244(b) provides:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
. . . .

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.