# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2011

No. 09-51076
Summary Calendar

Lyle W. Cayce
Clerk

DONALD ALLEN TURNER,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CV-365

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald Allen Turner, Texas prisoner # 1248114, appeals the district court's judgment dismissing his 28 U.S.C. § 2254 petition challenging his conviction of two counts of indecency with a child. A certificate of appealability was granted on the issue whether the district court erred by denying Turner's claim that his appellate counsel, Cori Harbour, rendered ineffective assistance by failing to challenge on hearsay grounds the admission of testimony by State

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

witness Roy Snyder regarding his reactions to his conversations with the victim, J.S.

We must defer to a state habeas court's determination of the merits of the prisoner's claims unless the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1) & (2). To obtain relief under § 2254, a state prisoner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 786. We review the district court's findings of fact for clear error and issues of law de novo. *Propes v. Quarterman*, 573 F.3d 225, 227 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3272 (2010).

Because Turner did not object at trial to at least two of the four instances at issue of Snyder's testimony, hearsay arguments regarding those statements were not properly preserved for appeal, and Harbour did not perform deficiently by failing to raise such unpreserved arguments. *See* TEX. R. APP. P. 33.1(a)(1); *Fernandez v. State*, 805 S.W.2d 451, 455-56 (Tex. Crim. App. 1991); *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). Even if this court presumes that reasonable jurists could not disagree that Harbour performed deficiently by failing to challenge the admissibility of Snyder's testimony regarding his reactions to his other two conversations with J.S., in light of the other record evidence of his guilt, Turner cannot show "beyond any possibility for fairminded disagreement" that he was prejudiced by Harbour's performance. *See Harrington*, 131 S. Ct. at 786-87*; Strickland* 466 U.S. at 694.

AFFIRMED.