# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2011

No. 10-10352
Summary Calendar

Lyle W. Cayce
Clerk

FERNANDO PATINO,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:06-CV-309

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Fernando Patino, Texas prisoner # 1153575, appeals from the dismissal of his 28 U.S.C. § 2254 petition challenging his murder conviction. This court granted a certificate of appealability on the issue whether the district court erred by dismissing Patino's claims that prospective jurors James Estes and John Grimland were biased and should have been excused for cause.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10352

A federal court must give deference to a state habeas court's determination of the merits of the prisoner's claims, unless the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1) & (2). We review the district court's findings of fact for clear error and issues of law de novo. *Propes v. Quarterman*, 573 F.3d 225, 227 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3272 (2010).

Even if Estes and Grimland were biased, Patino's constitutional rights were not violated because he used peremptory challenges to strike both of them from jury service. *See United States v. Martinez-Salazar*, 528 U.S. 304, 307, 311 (2000); *United States v. Sanchez-Hernandez*, 507 F.3d 826, 830 (5th Cir. 2007). His arguments that his case falls within the exceptions to *Martinez-Salizar* are entirely conclusory. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). He fails to show that he is entitled to habeas relief. *See* § 2254(d)(1) & (2); *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011).

AFFIRMED.