**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 16, 2011

No. 09-10967

Lyle W. Cayce
Clerk

THOMAS MICHAEL WIGGINS,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-cv-02090-K

Before JONES, Chief Judge, and KING and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Thomas Michael Wiggins, former Texas prisoner # 464921, now on mandatory supervision, challenges the denial of federal habeas relief. Of the four issues for which Wiggins requested a certificate of appealability (COA), our court granted it for two: whether his claims regarding the December 2005 revocation of his mandatory supervision are not moot because, in order to pursue an action for damages under 42 U.S.C. § 1983 related

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to that revocation, he must first obtain a favorable outcome in habeas proceedings; and whether he was improperly denied credit for the time spent in confinement in August 2005, prior to that revocation.  AFFIRMED.

## I.

In October 2003, Wiggins was released on mandatory supervision, in Nebraska, from Texas Department of Criminal Justice (TDCJ) custody.  On 2 August 2005, Nebraska parole officials placed him in custody pursuant to a complaint that he had sexually assaulted a co-worker; however, because that person refused to testify, parole officials could not conduct a probable-cause hearing, no charges were filed, and Wiggins was released on 31 August.

That September, however, Nebraska parole officials conducted a probable-cause hearing on an alleged violation of an electronic-monitoring rule and found probable cause that Wiggins had violated a condition of his parole.  That October, Nebraska officials requested the Texas Board of Pardons and Paroles return Wiggins to Texas as a parole violator, and TDCJ issued a pre-revocation warrant for his arrest.  That November, Wiggins was taken into custody and returned to TDCJ as a mandatory-supervision violator.  That December, the Board revoked his mandatory supervision.

In July 2006, Wiggins applied to TDCJ for a time-credit-dispute resolution. TDCJ did not respond until May 2007.

Earlier, that March, Wiggins applied for habeas relief in Texas state court, asserting, *inter alia*:  his due-process rights were denied at his mandatory-supervision revocation proceeding because he was denied counsel and because there was insufficient evidence for the revocation; and he was denied credit for the approximate one-month confinement in Nebraska in 2005.  The state trial court entered findings of fact and conclusions of law and recommended that relief be denied because:  the mandatory supervision had not been improperly revoked; the time-credits had been properly calculated; and constitutional rights had not been denied. *Ex parte Wiggins*, No. W86-77710-QL(C) (Tex. Crim. D. Ct.

No. 5, Dallas Cnty. 4 Aug. 2008). The Texas Court of Criminal Appeals denied Wiggins' application without written order and without hearing, based on the findings of the state trial court. *Ex parte Wiggins*, No. WR-27, 103-04 (Tex. Crim. App. 1 Oct. 2008).

Wiggins applied for federal habeas relief, pursuant to 28 U.S.C. § 2254, presenting the same claims as in state court. Subsequently, in January 2009, he was again released on mandatory supervision.

That April, Wiggins' federal habeas application was referred to a magistrate judge for report and recommendation. The magistrate judge recommended, *inter alia*: Wiggins' claims related to the mandatory-supervision revocation in 2005 were rendered moot by his being re-released in 2009 on such supervision; and Wiggins was not entitled to relief on his claim for credit for time spent in confinement in Nebraska in August 2005, prior to the December 2005 revocation, because, although Texas law entitles parolees to credit for time spent in custody on pre-revocation warrants, the record did not demonstrate that a pre-revocation warrant had been issued in Texas until October 2005. *Wiggins v. Quarterman*, No. 3:08-cv-2090-K-BH (N.D. Tex. 21 Aug. 2009). Wiggins did not file objections to those recommendations.

The district court adopted the report and recommendation, dismissed as moot Wiggins' claims for relief regarding the mandatory-supervision revocation, and otherwise denied, with prejudice, Wiggins' request for relief. *Wiggins v. Quarterman*, No. 3:08-cv-2090-K, 2009 WL 2981916, at *6 (N.D. Tex. 15 Sept. 2009).

The district court denied Wiggins' request for a COA. Our court granted him a COA on the two above-stated issues: whether his claims regarding the validity of his revocation were not moot because, in order to pursue an action for damages under 42 U.S.C. § 1983 related to revocation, he must first obtain a favorable outcome in habeas proceedings; and whether he was improperly denied credit for the time spent in confinement in August 2005.

## II.

Generally, the district court's findings of fact are reviewed for clear error; its conclusions of law, *de novo.* *E.g.*, *Propes v. Quarterman*, 573 F.3d 225, 227 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3272 (2010). It is arguable that plain-error review instead applies because Wiggins did not submit objections to the magistrate judge's report and recommendation. *See, e.g.*, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). Cutting against applying that limited review is the district court's arguably engaging in *de novo* review. It is not necessary to decide whether our review is only for plain error because Wiggins' claims fail under the more liberal standard of review.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a federal court may *not* grant habeas relief to a state prisoner on a claim adjudicated on the merits by the state court unless the state-court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". 28 U.S.C. § 2254(d); *see, e.g.*, *Pierce v. Thaler*, 604 F.3d 197, 200 (5th Cir. 2010). "Under AEDPA, a state court's factual findings are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (quoting 28 U.S.C. § 2254(e)(1)). "Because a federal habeas court only reviews the reasonableness of the state court's ultimate decision, the AEDPA inquiry is not altered when, as in this case, state habeas relief is denied without an opinion." *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003) (citing *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001)).

### A.

The district court ruled that, because Wiggins had been re-released in 2009 on mandatory supervision, his claims for constitutional violations occurring

during his revocation proceedings in 2005 are moot. Wiggins contends those claims are not moot because a favorable outcome in habeas proceedings is required for pursuing damages, arising from the revocation, under 42 U.S.C. § 1983. *See, e.g.*, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 654 (5th Cir. 2007).

For an action in federal court, Article III of the Constitution requires a case or controversy. That Wiggins may need to obtain a favorable habeas decision establishing the invalidity of his mandatory-supervision revocation before pursuing a separate action is insufficient to maintain the requisite case or controversy. *E.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *United States v. Clark*, 193 F.3d 845, 847-48 (5th Cir. 1999).

**B.**

The district court denied Wiggins credit against his sentence for the time spent confined in Nebraska in August 2005, prior to revocation of his mandatory supervision. Wiggins maintains he has a protected liberty interest, created by state law, in pre-revocation detention credits, relying on *Ex parte Canada*, 754 S.W.2d 660, 668 (Tex. Crim. App. 1988), which held that "any time spent in confinement pursuant to the execution of a pre-revocation warrant cannot be denied a parolee".

Even if Wiggins has a liberty interest in such credits, he has not shown that the confinement in Nebraska was "pursuant to the execution of a pre-revocation warrant". In other words, Wiggins has not shown clear error in the district court's factual finding that he was not confined pursuant to execution of a pre-revocation warrant issued under Texas law, *see Propes*, 573 F.3d at 227, nor has he rebutted the presumption of correctness accorded the state court's factual findings that his time credits had been properly calculated, *see Nelson*, 472 F.3d at 292. Further, to the extent Wiggins seeks relief based on a claim that state law was misapplied in the light of *Canada*, federal habeas relief is unavailable. *E.g.*, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas

corpus relief does not lie for errors of state law . . . .") (citations omitted). Accordingly, Wiggins has *not* shown that the state-court decision denying him habeas relief was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding".  *See* 28 U.S.C. § 2254(d).

## C.

Wiggins also seeks relief on due-process claims that are outside the scope of his COA.  Our court lacks jurisdiction to consider them.  *E.g.*, *Carty v. Thaler*, 583 F.3d 244, 266 (5th Cir. 2009); *United States v. White*, 307 F.3d 336, 339 n.1 (5th Cir. 2002).

## III.

For the foregoing reasons, the judgment is AFFIRMED.

No. 09-10967

KING, Circuit Judge, concurring:

I concur in the majority's good opinion, though with misgivings because this case is simply not moot. Wiggins suffered, and will continue to suffer until his sentence expires, an actual injury as a result of the revocation proceeding because his maximum discharge date was extended by two years after his mandatory supervision was revoked. This injury is sufficient to create a live case or controversy. However, the certificate of appealability (COA) that was granted in this case is very limited, and we lack jurisdiction to consider the issue.

When Wiggins was released on mandatory supervision on October 15, 2003, his maximum discharge date (the date on which he would be released from supervision) was set for February 20, 2013. Upon revocation of his mandatory supervision, Wiggins lost any credit against his sentence that he earned while on supervision. *See* Tex. Gov't Code Ann. § 508.283(c). Although the magistrate judge specifically found that the revocation of mandatory supervision "has had no impact on petitioner's maximum discharge date," the record reveals that this date was extended by two years and seventeen days, to March 10, 2015, following the revocation of Wiggins's supervision.

In his request for a COA from this court, Wiggins did not contest the magistrate judge's finding that the revocation had no impact on his maximum discharge date, nor did Wiggins argue that his claims were not moot because his discharge date had been extended.[1] Instead, Wiggins requested, and this court granted, a COA on the limited issue of whether Wiggins's "habeas claims pertaining to the revocation of his mandatory supervision are not moot because, in order to pursue an action for damages under 42 U.S.C. § 1983 related to the

---

[1] Wiggins argued that his claims were not moot because the revocation had caused the forfeiture of good time credits, but he conceded that the credits did not impact his maximum discharge date.

revocation, he must first obtain a favorable outcome in habeas proceedings." While I agree with the court's conclusion that Wiggins's need for a favorable ruling is insufficient to create a live case or controversy, this case is nonetheless not moot, albeit for a different reason.

A habeas petitioner must demonstrate that he suffers continuing collateral consequences from the revocation of his parole in order keep his habeas claims related to the revocation from being declared moot. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998). Unlike the petitioner in *Spencer*, whose sentence had expired after he filed his petition, Wiggins remains "in the legal custody of the State" while on mandatory supervision. *Ex parte Canada*, 754 S.W.2d 660, 663 (Tex. Crim. App. 1988). His loss of sentence credit as a result of the revocation means that Wiggins will be in legal custody and subject to the requirements of mandatory supervision for an additional two years. Wiggins thus suffers a continuing consequence of his revocation by the extension of his maximum discharge date.

This court has previously held, in two unpublished decisions, that the extension of a habeas petitioner's parole discharge date is sufficient to create a live case or controversy for claims related to revocation proceedings, notwithstanding the petitioner's subsequent re-release on parole. *See Villegas v. Thaler*, No. 08-20822, 2011 U.S. App. LEXIS 9096, at *3–4 (5th Cir. May 3, 2011) ("The extension of [the petitioner's] parole discharge date is a collateral, if not direct, consequence of the parole revocation."); *Tolley v. Johnson*, 228 F.3d 410 (5th Cir. 2000) (table case) ("The extension of [the petitioner's] parole release date . . . is a consequence of his parole revocation, collateral if not direct."). In *Villegas*, the state even "concede[d] that the extension of [a habeas petitioner's] parole discharge date ordinarily would prevent his challenge from being moot as long as he continued serving his parole." *Villegas*, 2011 U.S. App. LEXIS 9096, at *4. Given that it conceded this point in *Villegas*, I am dismayed that the state

acquiesced in the magistrate judge's *sua sponte* conclusion that this case was moot.

Unfortunately, our jurisdiction is limited by the COA. *See Carty v. Thaler*, 583 F.3d 244, 266 (5th Cir. 2009). We may expand the scope of the COA in certain circumstances, but only if one of the parties specifically requests that we do so. *See United States v. Kimler*, 150 F.3d 429, 430–31 (5th Cir. 1998). Neither party has requested that we expand the COA in this case, and Wiggins did not even brief the issue related to the extension of his maximum discharge date. Therefore, we lack jurisdiction to declare this case not moot, even though it clearly is not. For this reason, I join the court's opinion affirming the district court's dismissal of Wiggins's claims as moot.