# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2023

Lyle W. Cayce
Clerk

No. 20-20527
Summary Calendar

—————————

Amanda Culbertson,

*Plaintiff—Appellant*,

*versus*

Harris County,

*Defendant—Appellee*.

—————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3644

—————————

Before Richman, *Chief Judge*, and Southwick and Wilson, *Circuit Judges*.

Per Curiam:[*]

Amanda Culbertson appeals the district court's grant of summary judgment in favor of Harris County finding that Culbertson lacks standing to pursue her 42 U.S.C. § 1983 retaliation claim against the County. We affirm.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 20-20527

## I

In 2008, the Houston Police Department began using instrument vans in its breath-alcohol testing program. In 2009, Culbertson worked for the City of Houston as a technical supervisor responsible for maintaining testing instruments inside the vans and testifying about the tests at trial. While working for the City, Culbertson notified supervisors that she was concerned several issues with the instrument vans impacted the reliability of the tests. She contends these issues were never resolved.

In 2010, Lone Star College contracted with Harris County to provide oversight of the County's breath-alcohol testing program. The contract was for one year beginning October 1, 2010, and ending September 20, 2011. During the contract period, in May 2011, Culbertson resigned from the City and began working for Lone Star in a substantially similar role. After beginning work with Lone Star, in May 2011, the Harris County District Attorney's (DA) Office subpoenaed Culbertson to testify about a test administered while she was working for the City. Culbertson told the DA's Office she would testify that the testing instrument was working on the day the defendant took the test. Instead, Culbertson testified she could not verify the instrument was working, and the defendant was subsequently acquitted. Two months later, in July 2011, Culbertson was subpoenaed by a defendant to testify in a suppression hearing concerning evidence collected from an instrument van. Culbertson testified she left her employment with the City because she was not being permitted to maintain the reliability of the testing instruments.

Later that month, Lone Star asked the County to renew its contract. The following month, in August 2011, Culbertson and the DA's Office met to discuss concerns with her testimony. Both the DA's Office and Texas Department of Public Safety (DPS) investigated Culbertson's concerns

No. 20-20527

about the instrument vans and concluded they were unfounded. On September 1, 2011, the DA's Office met with DPS and others. The DA's Office recommended the County contract with DPS instead of Lone Star. On September 13, 2011, the Commissioner's Court discussed contracting with DPS at its meeting. On October 4, 2011, the Commissioner's Court approved the DPS contract, allowing the contract with Lone Star to lapse. Having lost its contract with the County, Lone Star laid off Culbertson.

Culbertson sued Harris County, the DA, and an assistant DA, arguing she was fired in retaliation for her public criticism of the instrument vans. The district court dismissed her claims. Culbertson then settled with the DA and, on appeal, this court affirmed dismissal of Culbertson's claims, except her claims against the assistant DA for tortious interference with a contract[1] and against Harris County for ratification of the DA's retaliatory campaign. Culbertson then dismissed her claim against the assistant DA, leaving Harris County as the only defendant. After limited discovery, Harris County moved for summary judgment. The district court held that Culbertson's termination of employment by Lone Star "derive[s] from the County choosing a different servicer for its contract – an indirect injury" for which Culbertson has no standing to sue the County. Culbertson appeals, arguing that her "standing was already established in the previous appeal" as a "necessary implication" of this court's reversal and remand.

## II

We agree with the district court that Culbertson lacks standing to pursue her claim against Harris County.

---

[1] *Culbertson v. Lykos*, 790 F.3d 608, 623, 633 (5th Cir. 2015).

First, Culbertson argues that we are foreclosed from assessing whether she has standing because, she contends, the prior panel already decided the issue by way of implication. Culbertson is incorrect. Standing is a jurisdictional requirement,[2] and, broad applications of the law of the case doctrine are inappropriate.[3] For that reason, we have held that a later panel cannot "defer to the prior panel's exercise of jurisdiction as correct where the issue was neither raised by the parties nor addressed by the court."[4] Culbertson's standing was neither previously raised by the parties nor addressed by the prior panel. Her argument that we cannot assess standing because the prior panel implicitly decided the matter falls short.

Second, because Culbertson's injury is indirect and derivative of Lone Star's injury, Culbertson lacks standing to pursue her claim against the County. Culbertson lost her job because the Commissioner's Court voted to contract with DPS and let its contract with her employer, Lone Star, lapse. We have previously stated in the context of § 1983 retaliation claims that "the standing inquiry turns on the plaintiff's injury, not the defendant's motive" and "animus toward the agent [which] sparked mistreatment of the principal does not create an exception to the rule that an agent's [§] 1983 claim can flourish only if he alleges that he personally suffered a direct, nonderivative injury."[5] In two unpublished cases, *Duran v. City of Corpus*

---

[2] *Davis v. Tarrant Cnty.*, 565 F.3d 214, 220 (5th Cir. 2009) (citing *FW/PBS, Inc. v. City of Dall.*, 493 U.S. 215, 231 (1990)).

[3] *See Propes v. Quarterman*, 573 F.3d 225, 228 (5th Cir. 2009) (citing 18B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4478.5, at 790 (2d ed. 2002)).

[4] *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 284 (5th Cir. 2011).

[5] *Duran v. City of Corpus Christi*, 240 F. App'x 639, 642-43 (5th Cir. 2007) (per curiam) (unpublished) (quoting *Pagan v. Calderon*, 448 F.3d 16, 30 (1st Cir. 2006)).

No. 20-20527

*Christi*[6] and *Garzes v. Lopez*,[7] we held that the plaintiff's injury resulting from nonrenewal of a contract between the defendant and the plaintiff's third-party employer, was too indirect and derivative an injury to confer standing on the plaintiff.[8]  Here, Culbertson's injury is derived entirely from the County's nonrenewal of its contract with Lone Star.  She does not have standing to pursue her claim against the County.

\* \* \*

We AFFIRM the district court's grant of summary judgment.

---

[6] 240 F. App'x 639 (5th Cir. 2007) (per curiam) (unpublished).

[7] 281 F. App'x 323 (5th Cir. 2008) (per curiam) (unpublished).

[8] *See Duran*, 240 F. App'x at 643 ("[The plaintiff] was not an employee of, or in contractual privity with, the allegedly retaliatory government actor, here the [defendant]. As such, [plaintiff's] injury (potential loss of his share of the future administrative fees that would have been paid to [the third-party employer] by the [defendant] if it had awarded the new [c]ontract) was only a by-product of [the third-party employer's] failure to receive the contract renewal itself.  Here . . . only the [the third-party employer] . . . has standing to seek redress.  [The plaintiff] does not have direct standing to bring a First Amendment retaliation claim against the [defendant] based on its award of renewal to [another] and not to [the third-party employer]." (internal quotation marks omitted)); *Garzes*, 281 F. App'x at 326 ("We agree with [d]efendants that any injury suffered by [the plaintiff] is insufficiently direct to confer standing. . . . Here, as in *Duran*, only the [the third-party employer] . . . has standing to seek redress, . . . and [the plaintiff] does not have standing to bring a First Amendment retaliation . . . claim against the [defendant] based on its termination of the [third-party employer's] contract." (internal quotation marks omitted)).