# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-50795
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2026

Lyle W. Cayce
Clerk

Joseph Anthony Reyna, *on behalf of JoeCat, L.L.C., on behalf of*
Dreams Over Dollars Foundation,

*Plaintiff—Appellant*,

*versus*

Texas Medical Liability Trust,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CV-1105

———————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Joseph Anthony Reyna brought suit on behalf of himself, JoeCat L.L.C., and the Dreams Over Dollars Foundation (collectively "Reyna"), against Texas Medical Liability Trust ("TMLT"). After granting Reyna *in*

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50795

*forma pauperis* ("IFP") status, the district court dismissed Reyna's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We AFFIRM.

## I

On July 15, 2025, Reyna brought suit against TMLT for constructive fraud, and for violations of the Americans with Disabilities Act ("ADA"), Texas Insurance Code, Texas Deceptive Trade Practices Act, Affordable Care Act, Federal Trade Commission Act, and Lanham Act. He requested declaratory, injunctive, and monetary relief. Alternatively, he requested a "[d]onation [o]ption" of "$500 k to Dreams Over Dollars Foundation in lieu of trial."

The magistrate judge granted Reyna IFP status before reviewing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). In reviewing his complaint, the magistrate judge determined that Reyna's claims were "seemingly related to an inability to refill prescription medication due to a prescription shortage." However, "[a]t most" Reyna "appear[ed] to be suing TMLT for the acts of its insureds." "Although [Reyna] describe[d] hardships he suffered due to the medication shortage, he [did] not describe any actions TMLT took that caused those hardships" nor did he "describe any relationship he [had] with TMLT." Based on those determinations, the magistrate judge ultimately recommended dismissal of Reyna's complaint.

Reyna filed objections to the report and recommendation, largely arguing that the magistrate judge did not liberally construe his pro se filing. In his objections, Reyna requested leave to amend his complaint to include "screenshots of unauthorized SMS outreach" and "ADA accommodation requests." He also listed under his request for leave to amend, without any indication of how he would amend his complaint to address them, the following items in bullet list form: the "ADHD shortage impact," "TMLT's documented refusal to engage," and the "[m]edical privacy

violations under HIPAA." The district court conducted a de novo review of the magistrate judge's report and recommendation, overruled Reyna's objections, and dismissed the suit with prejudice.

After dismissal, Reyna filed additional motions requesting "judicial notice of certain adjudicative facts," an extension of time to serve process, and service by the U.S. Marshals Service. Because the district court had already dismissed Reyna's suit with prejudice, it summarily denied those motions.

## II

On appeal, Reyna argues that the district court erred in (1) dismissing his pro se suit without granting him leave to amend; and (2) denying his post-dismissal motions related to judicial notice and service of process.[1]

"When a district court dismisses a complaint both as frivolous and as failing to state a claim under [28 U.S.C.] §§ 1915(e)(2)(B)(i) [and] (ii), we review the dismissal de novo." *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); *see also Green v. Atkinson*, 623 F.3d 278, 279–80 (5th Cir. 2010) (per curiam); *Harper v. Showers*, 174 F.3d 716, 718 n.3 (5th Cir. 1999). And when a district court does not permit a litigant leave to amend, we review for abuse of discretion. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Because Reyna is a pro se litigant, we liberally construe his briefings. *See Propes v. Quarterman*, 573 F.3d 225, 228 (5th Cir. 2009).

Having reviewed the record, the applicable law, and Reyna's appellate briefing, we conclude that Reyna failed to state any plausible, non-frivolous

---

[1] TMLT was never served process and thus did not file a response to the complaint or Reyna's appellate brief.

claims. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) ("Even a liberally construed pro se civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted."). Although Reyna requested leave to amend prior to dismissal, the district court did not abuse its discretion in determining that amendment would have been futile. *Marucci Sports, L.L.C.*, 751 F.3d at 378. Reyna did not offer to the district court, and does not offer to us now, any argument as to how his proposed amendments would cure the deficiencies in his pleadings. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021), *as revised* (Nov. 26, 2021) ("[A] movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects."). Further, we conclude that the district court did not err in denying Reyna's post-dismissal motions for judicial notice and service of process.

Thus, for the reasons stated in the magistrate judge's report and recommendation, the judgment of the district court is AFFIRMED.[2]

---

[2] Given our holding herein, Reyna's pending motion to expedite this appeal is DENIED as moot.